IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRENDA LENTZ BARNES                                              PLAINTIFF

vs.                                                CIVIL ACTION NO. 3:13cv007-SAA

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Brenda Lentz Barnes for supplemental security income (SSI) payments under Section 1614(a)(3) of the Social Security Act. Plaintiff filed her application on January 20, 2010, alleging disability beginning May 1, 2009. Docket 8, p. 145-49. Her claim was denied initially on March 3, 2010 and on reconsideration on June 1, 2010. *Id.* at 85-87, 91-92. She filed a written request for hearing on July 21, 2010 (*Id.* at 49) and was represented by counsel at the hearing held a year and a half later on November 18, 2011. *Id.* at 50-82. The Administrative Law Judge (ALJ) issued an unfavorable decision on January 10, 2012 (*Id.* at 14-26), and the Appeals Council denied plaintiff's request for a review on November 8, 2012. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

Plaintiff was born on September 23, 1965 and was forty-three years old on the alleged

onset date and forty-six years old at the time of the hearing. Docket 8, p. 56. She has a ninth grade education and never received a GED. *Id.* at 57. The ALJ was not able to establish any previous employment. *Id.* at 24. In her application for SSI, plaintiff alleged disability due to scoliosis and degenerative bone disease (*Id.* at 155), but at the hearing before the ALJ claimed an additional limitation of affective mood disorder. The ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments and did not have any past relevant work, taking into consideration the testimony of a vocational expert [VE], plaintiff can perform light jobs such as a small products assembler, remnant sorter and garment folder. Docket 8, p. 25.

Plaintiff claims that the ALJ erred when she denied plaintiff's request for a consultative medical evaluation, failed to give proper weight to her treating physician and posed a hypothetical question to the VE that was unsupported by medical sources, which resulted in an unsupported finding as to plaintiff's residual functional capacity [RFC]. Clearly the ALJ should have obtained an additional medical opinion as to the plaintiff's vocationally-relevant functional limitations or at the very least identified the weight assigned to Dr. Brewer's opinion. The court holds the case should be remanded for further development of the record.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

---

[1]*See* 20 C.F.R. § 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. § 416.920(b) (2010).

[4]20 C.F.R. § 416.920(c) (2010).

[5]20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. § 416.920(e) (2010).

[7]20 C.F.R. § 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

3

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues that no medical opinion in the record supports the ALJ's RFC, rendering

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

erroneous the RFC and the ALJ's ultimate decision that plaintiff is not disabled. She contends the ALJ erred in step four of the evaluation process by relying on her own opinions to conclude that plaintiff could perform a full range of light work and can

> lift/carry and push/pull up to 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. She can occasionally climb, balance, stoop, kneel, crouch and crawl. She can understand, remember and carry out simple tasks and job instructions.

Docket 8, p. 22. In her response brief, the Commissioner fails to acknowledge that there is no opinion from any medical source to support the RFC. Docket 15. Further, in an attempt to salvage the ALJ's opinion, the Commissioner asserts that the ALJ intended to assign "a considerable amount of weight" to the opinion of Dr. Brewer despite the fact that the ALJ's opinion does not actually give it any weight. Docket 15, p. 11.

The ALJ's opinion either assigned little weight or gave no weight assignment to every medical opinion in the record. No medical opinion provided the limitations established by the ALJ in her RFC, much less any opinion that the ALJ afforded more than "little weight." The Commissioner argues that the ALJ's opinion that plaintiff could perform light work is supported by the record, and the "the plain reading" of the ALJ's decision indicates that she "relied heavily" on Dr. Brewer's opinion. Docket 15, p. 10-11. In other words, even though the ALJ's opinion did not have a basis in any medical finding which supports her conclusions regarding plaintiff's physical capabilities, and even though the plaintiff points out this important detail, the Commissioner continues to do the same thing the ALJ did – take on the role of a physician and try to reach a conclusion as to plaintiff's capabilities from the raw medical data.

The court rejects the Commissioner's argument as untenable. The Commissioner is well

aware that a as a layman, an ALJ is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991). Where there clearly is no support for the ALJ's RFC, and the error is so fundamental, the Commissioner should voluntarily agree to remand for reconsideration rather than require that the court make that decision for her.

The record evidence contains very little concerning plaintiff's treatment for either her physical or mental impairments. Plaintiff's treating physician, Dr. Forster Ruhl, provided a Medical Source Statement in which he limited plaintiff to lifting ten pounds occasionally and less than ten pounds frequently, standing for two hours in a day with breaks every twenty minutes and sitting for three hours total with breaks every twenty minutes. Docket 8, p. 283-84. The ALJ afforded Dr. Ruhl's opinion little weight because the treating relationship was "quite brief," the visits were infrequent and the treatment record failed to contain objective evidence to support the limitations provided. Docket 8, p. 24. Similarly, the ALJ afforded little weight to the opinions of the state agency medical consultants' assessments "as the evidence received at the hearing level shows that the claimant is more limited than determined by the State agency consultants." *Id.* Even though the ALJ discussed Dr. Brewer's opinion, she provided no indication of how much weight she afforded the opinion, and despite the Commissioner's assertion to the contrary, the court cannot "read between the lines" and make that determination at this point. In other words, there is no medical opinion concerning plaintiff's vocational abilities from any physician that was afforded more than "little weight" by the ALJ, and that opinion conflicted with the ALJ's findings. The ALJ reached her conclusion as to plaintiff's vocationally relevant functional limitations on her own after hearing plaintiff's testimony and

reviewing the raw medical data. To be clear, the court is not at all convinced that the plaintiff is in fact disabled, but that does not diminish the fact that the ALJ's RFC is not properly supported by the record.

The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and in making this determination she must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, she is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). The ALJ may not establish physical limitations or lack of those limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

The court has examined the record and cannot locate any treating or examining physician who ever stated plaintiff was capable of lifting twenty pounds either occasionally or frequently or that she can stand and walk for a total of six hours out of an eight-hour day despite the ALJ's inclusion of these findings in her RFC.

More importantly, the ALJ did not provide any medical opinion more than "little weight," so clearly the ALJ did not find any opinion satisfactory. As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on [her] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). This appears to be exactly what the ALJ did in this case. In direct contradiction to the applicable case law, the ALJ established physical limitations without any medical proof to support those limitations, then, using those unsupported limitations, reached an RFC based upon her own extrapolation of the medical records as to plaintiff's ability to work. This process produced an improper RFC and ultimately an improper evaluation of plaintiff's ability to perform various jobs by the VE, not to mention further delay and expense to all involved in this action.[11] The undersigned finds that the ALJ did not satisfy her affirmative duty to "ensure that [her] decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The ALJ's decision was not supported by substantial evidence and should be remanded for a proper analysis of the plaintiff's vocationally-relevant functional limitations.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for further development of the record and clarification of plaintiff's physical and mental limitations which will provide sufficient information to reach an RFC based upon the facts of the record and permit composition of a

---

[11] The court is not unaware of the immense case loads borne by ALJs, a situation undoubtedly contributes to errors of this sort. Nevertheless, the error is clear, and the plaintiff is entitled to proper consideration of her claim as required by basic rules of fairness and the Social Security Administration's own regulations and rulings.

proper question to a VE. Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 30th of August, 2013.

/s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE